**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

John Doe, also known as "Ayyo
Rothschild",

                Plaintiff,

v.

Payne County, *et al.*

                Defendants.

_____/

Case No. 26-10915

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

**ORDER DIRECTING PLAINTIFF TO FILE A MOTION FOR A
PROTECTIVE ORDER AND TO CORRECT DEFICIENCIES IN
THE COMPLAINT [1]**

On March 19, 2026, Plaintiff John Doe filed the complaint and an

application to proceed without prepaying fees or costs. (ECF Nos. 1, 2.)

The complaint was filed anonymously, with Plaintiff using the

pseudonyms "John Doe," "Jon Doe," and "Johnny Doe." (ECF No. 1,

PageID.1, 2, 4.) Plaintiff's application to proceed without prepaying fees

or costs was granted.

Plaintiff, who brings suit against "Entity County of Payne," which

appears to be Payne County, Oklahoma, "OSBI," which appears to be the

Oklahoma State Bureau of Investigation, and Meta Platforms, Inc. (*Id.* at PageID.2–3.) Plaintiff is a Facebook/Meta user and appears to go by "Ayyo Rothschild" on Meta platforms. (*Id.* at PageID.13.)

For the reasons set forth below, Plaintiff must file a corrected, amended complaint by **April 27, 2026**. Failure to file a corrected, amended complaint may result in dismissal of the case without prejudice.

Additionally, if Plaintiff wishes to proceed under a pseudonym, Plaintiff must file a motion for a protective order by **April 20, 2026** as set forth below. Failure to do so may result in dismissal of the case without prejudice.

## I.    Plaintiff has not signed his complaint as required by Federal Rule of Civil Procedure 11(a)

Federal Rule of Civil Procedure 11(a) requires that all papers, including pleadings and written motions, must be signed "by a party personally if the party is unrepresented." *See Greene v. Rochester Villas Apartments, Inc.*, No. 25-13926, 2026 WL 30640, at \*1 (E.D. Mich. Jan. 5, 2026) ("As Rule 11(a) is framed, the requirement of a signature generally means a handwritten signature, and other rules only permit electronic signatures with sufficient indicia of authenticity.").

2

Plaintiff has not signed the complaint. The signature space on the form complaint is blank. (*See* ECF No. 1, PageID.6.) Although the signatures on the attachment to Plaintiff's complaint are labeled as "Johnny Doe" or "Ayyo's" signatures (*Id.* at PageID.23–24), these signatures are not Plaintiff's. These are the signatures of La Rond Baker, an attorney at the ACLU of Washington Foundation, and Brett M. Kaufman, an attorney at the ACLU Foundation. Plaintiff appears to have edited a motion to quash a search warrant filed by the American Civil Liberties Union of Washington Foundation on March 8, 2018, in the Superior Court of the State of Washington for Whatcom County and filed that edited motion as his complaint. *See* https://perma.cc/DNW3-5CQV. However, Plaintiff did not replace these attorneys' signatures with his own.

"The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). As set forth above, Plaintiff's complaint is unsigned. Plaintiff must file an amended complaint that has been **personally signed by him** by **April 27, 2026**.

## II.   Plaintiff is warned that his complaint is deficient

Plaintiff is warned that his complaint is deficient because it fails to state a claim and is frivolous.

The Court may dismiss a case proceeding without prepayment of fees if it determines that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court will not dismiss the case at this time because Plaintiff is being given another chance to fix the various deficiencies listed in this order. But Plaintiff is warned that the complaint, as filed, does not state a claim on which relief may be granted and is frivolous.

"A complaint can be frivolous either factually or legally." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (citing *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010)). The former is found "when [the complaint] relies on 'fantastic or delusional' allegations"; the latter, "when 'indisputably meritless' legal theories underlie the complaint." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

To state a claim upon which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Federal Rules of Civil Procedure require that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed factual allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When a plaintiff proceeds without counsel, also known as proceeding *pro se*, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

As set forth previously, Plaintiff appears to have edited a motion to quash a search warrant filed by the American Civil Liberties Union of Washington Foundation on March 8, 2018, in the Superior Court of the State of Washington for Whatcom County and filed that edited motion as his complaint. *See* https://perma.cc/DNW3-5CQV; (ECF No. 1.) Unfortunately, the complaint still contains information about the ACLU's case, which does not appear to have any relevance to Plaintiff's claims. For example, the complaint still references the Bellingham, Washington "#NoDAPL Coalition" Facebook page, #NoDAPL protests in Bellington, Washington in early 2017, and individuals who ran the Bellingham #NoDAPL Coalition Facebook page (such as "Monteiro"). (*See* ECF No. 1, PageID.14, 19.)

It is not clear to the Court if Plaintiff intended to claim that his Facebook page, Ayyo Rothschild, was involved in activism in Bellingham, Washington opposing the Dakota Access Pipeline. But because these allegations remain in the complaint, Plaintiff's actual claims against Payne County, Meta, and OSBI are not comprehensible and, as such, the complaint does not give Defendants fair notice of his claims. *See Twombly*, 550 U.S. at 555.

6

Plaintiff must amend his complaint to correct these deficiencies.

## III.   Plaintiff must file a motion for a protective order to proceed anonymously

Federal Rule of Civil Procedure 10(a) states, "[t]he title of the complaint must name all the parties." Dismissal of a complaint for failure to comply with Rule 10(a) is appropriate when a plaintiff files suit under a pseudonym. *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-3952, 2024 WL 1048184, at \*3 (6th Cir. Mar. 8, 2024) (citing *Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189 (6th Cir. May 6, 2020); *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1045–46 (9th Cir. 2010)). A plaintiff may only proceed under a pseudonym by filing a motion for a protective order. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

> [W]e may excuse plaintiffs from identifying themselves in certain circumstances. Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F.3d at 560 (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

Plaintiff has not submitted a filing seeking permission to proceed under a pseudonym. Accordingly, Plaintiff must file a motion for a protective order to proceed anonymously by **April 20, 2026.**

## IV. Conclusion

For the reasons set forth above, Plaintiff must file a corrected, amended complaint by **April 27, 2026** that he has personally signed and that corrects the deficiencies identified above. Failure to file a corrected, amended complaint may result in dismissal of the case without prejudice.

Additionally, if Plaintiff wishes to proceed under a pseudonym, Plaintiff must file a motion for a protective order by **April 20, 2026** as set forth below. Again, failure to do so may result in dismissal of the case without prejudice.

IT IS SO ORDERED.

Dated: March 26, 2026  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2026.

<u>s/L. Hosking</u>
Case Manager