## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

John Doe, also known as "Ayyo Rothschild",

                Plaintiff,

v.

Payne County, *et al.*,

                Defendants.

Case No. 26-10915

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

_____/

## ORDER DISMSSING THE COMPLAINT

On March 19, 2026, Plaintiff John Doe filed the complaint and an application to proceed without prepaying fees or costs. (ECF Nos. 1, 2.) The complaint was filed anonymously, with Plaintiff using the pseudonyms "John Doe," "Jon Doe," and "Johnny Doe." (ECF No. 1, PageID.1, 2, 4.) On March 26, 2026, the Court issued an order setting forth that Plaintiff's complaint is deficient and that he did not properly seek permission to proceed under a pseudonym. (ECF No. 6.) The order directed Plaintiff to file a corrected, amended complaint by April 27, 2026, and a motion for a protective order by April 20, 2026. (*Id.* at

PageID.40.) The Court warned Plaintiff that failure to follow the Court's order may result in dismissal of the case without prejudice.

To date, Plaintiff has not filed a corrected, amended complaint or a motion for a protective order. Additionally, the Court's mailings to Plaintiff have been returned as undeliverable. (ECF Nos. 7, 8.)

The Court dismisses this case with prejudice due to Plaintiff's failure to abide by Eastern District of Michigan Local Rule 11.2 and for failure to prosecute the case. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2, 41.2. Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912, at \*2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)).

When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Here, Plaintiff has not informed the Court of his address or how he can be contacted. Plaintiff has also not followed the Court's orders to file an amended complaint or a motion for a protective order. Plaintiff appears to have abandoned the case.

The second factor is not relevant because Defendants have not made an appearance in this case and, as such, are not prejudiced by Plaintiff's conduct.

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). Here, Plaintiff was informed that he is required to follow the Court's orders and update his address, and failure to do so may result in dismissal. (ECF Nos. 4, 6.)

The fourth factor also favors dismissal. "[G]iven Plaintiff's failure to respond to the Court's Order . . . , [the Court] sees no utility in considering or imposing lesser sanctions." *Ostrander v. Smith*, No. 23-10803, 2024 WL 4888990, at *2 (E.D. Mich. Oct. 15, 2024), *report and recommendation adopted*, No. 23-cv-10803, 2024 WL 4886046 (E.D. Mich. Nov. 25, 2024).

In sum, three of the four factors discussed above favor dismissal. The Court therefore concludes that it is not an abuse of discretion to dismiss this case due to Plaintiff's failure to abide by Eastern District of

4

Michigan Local Rule 11.2 and for failure to prosecute the case. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2, 41.2.

Accordingly, this case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: April 30, 2026　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 30, 2026.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager